

RECEIVED
IN LAKE CHARLES, LA

SEP 0 8 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **CARLA PIPPIN** | |
| | **CIVIL ACTION NO. 05-2125** |
| -vs- | |
| | **JUDGE TRIMBLE** |
| **BROADSPIRE SERVICES, INC.** | |

### MEMORANDUM RULING

Before the court is a motion to dismiss [Doc. #4] filed by defendant Broadspire Services, Inc. ("Broadspire"). Plaintiff Carla Pippin ("Pippin") opposes the motion [#10]. Broadspire also filed a reply to Pippin's response [#11]. For the following reasons, the motion will be DENIED.

### I. FACTUAL BACKGROUND

Pippin started working for Georgia Gulf Corporation ("Georgia Gulf") as an operator on 17 July 1995 and became disabled due to a medical illness on 12 January 2002. During her employment, she contributed to the company's long-term disability plan ("plan"), covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), which provided benefits in the event of serious injury or illness.[1] The plan's benefits were paid through an insurance policy issued to Georgia Gulf by Lumbermens Mutual Casualty Company. Following her illness, Pippin began receiving benefits in conjunction with the

---

[1] ERISA applies to "any employee benefit plan if it is established or maintained . . . by an employer engaged in commerce," and therefore, it clearly applies to the plan here at issue. 29 U.S.C. § 1003(a)(1).

plan on 13 April 2002.

On 19 March 2004, Broadspire, the third-party claims administrator, notified Pippin that it was terminating her benefits under the plan as of 13 April 2004, noting that after twenty-four months of receiving benefits, she "must be so prevented from performing the Essential Functions of any Gainful Occupation that your training, education and experience would allow you to perform." Compl. ¶ 8. Broadspire denied Pippin's appeal of this decision on 10 December 2004. Pippin filed the instant lawsuit on 12 December 2005, seeking past accrued and future benefit payments from the plan.

## II. **LEGAL STANDARD**

In evaluating a motion to dismiss under FED. R. CIV. P. 12(b)(6), the court accepts "the facts alleged in the complaint as true, [but] if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," the motion to dismiss will be granted. C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir. 1995). In other words, the plaintiff must provide factual assertions in the complaint that, if taken as true, could lead to relief. While failure to provide facts to support a claim may lead to dismissal under FED. R. CIV. P. 12(b)(6), the court must construe the complaint liberally. Kane Enters. v. MacGregor (USA) Inc., 322 F.3d 371, 374 (5th Cir. 2003).

"[C]onclusory allegations or unwarranted deductions of fact" are not sufficient, however, to avoid dismissal. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (internal quotation marks omitted). Instead, the "plaintiff must plead specific facts." Id. (internal quotation marks omitted). In addition, "conclusory allegations or legal

conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

Even if the factual allegations are not conclusory, though, dismissal may still be appropriate if "the law simply may not afford relief on the basis of the facts alleged in the complaint." Walker v. S. Cent. Bell Tel. Co., 904 F.2d 275, 277 (5th Cir. 1990). As such, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832 (1989). "A dismissal for failure to state a claim upon which relief can be granted is a disfavored means of disposing of a case." Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 365 (5th Cir. 2000). District courts should avoid such dismissals "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).

## III. DISCUSSION

The question before the court in this motion is whether Broadspire is a proper party to this action. Broadspire argues that it does not bear any financial responsibility for paying claims and as such is not a proper defendant in this action. Def.'s Mem. 2. It further contends that the proper defendants are the ERISA plan and the employer.[2] Pippin alleges that because Broadspire maintained authority to accept and deny claims under the plan, it is a proper party. Pl.'s Opp. 5.

---

[2] ERISA provides in pertinent part that "a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

The federal appellate courts are divided as to whether to permit an ERISA claim against parties other than the plan itself. See Gelardi v. Pertec Computer Corp., 761 F.2d 1323, 1324 (9th Cir. 1985) (holding that plain language of ERISA permits only actions against plan as entity for recovery of benefits under § 1132(a)(1)(B) and actions for breach of fiduciary duty under § 1109(a) and § 1105(a)); Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996) (following Gelardi); Lee v. Burkhart, 991 F.2d 1004, 1009 (2d Cir. 1993) (rejecting notion that employer was *de facto* co-administrator jointly liable with named plan administrator); Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997) ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan."); Terry v. Bayer Corp., 145 F.3d 28, 36 (1st Cir. 1998) (quoting Garren ); Daniel v. Eaton Corp., 839 F.2d 263, 266 (6th Cir. 1988) (holding that employer is proper defendant in suit for benefits under ERISA if it controlled administration of plan); Hall v. Lhaco, Inc., 140 F.3d 1190, 1194 (8th Cir. 1998) (recognizing circuit split). Broadspire has cited district court decisions in the Sixth and Seventh Circuits in which it was dismissed as a party. Def.'s Reply, Exs. 2-3.[3] Pippin, in turn, has cited district court decisions in the First, Third, and Eleventh Circuits in which motions to dismiss filed by Broadspire were denied. Pl.'s Opp. 3, 5-6.

The Fifth Circuit addressed this issue in Musmeci v. Schwegmann Giant Super Markets, Inc., 332 F.3d 339 (5th Cir. 2003), where the plaintiff named both a pension plan

---

[3] Defendant's reply brief includes an unopposed motion to dismiss from the Eastern District of Louisiana as Exhibit 1. This order, devoid of any reasoning, is not persuasive to this court.

and the corresponding employer as defendants. The employer in question acted as both the plan administrator and plan sponsor. In deciding that the employer was properly named as a defendant, the court observed, *inter alia*, that it was "indisputably" the employer's decision to deny benefits to the plaintiffs. Id. at 350; cf. Carroll v. United of Omaha Life Ins. Co., 378 F. Supp. 2d 741, 747 (E.D. La. 2005) (employer not proper defendant where plan insurer had "ultimate authority to determine eligibility for benefits, as well as the obligation to pay additional benefits"); Mello v. Sara Lee Corp., 292 F. Supp. 2d 902, 907 (N.D. Miss. 2003) (finding, in light of Musmeci, that plan trustee was proper defendant "assuming the plaintiff can establish that [plan trustee] exerted the requisite control over the Plan"). Based on the Fifth Circuit's reasoning, we conclude that an examination of Broadspire's role in denying Pippin's benefits claim is essential in order to determine whether it is a proper party.

The proceedings in this case are at a very early stage. Having accepted all well pleaded facts, made all reasonable inferences in plaintiff's favor, and made a liberal reading of the complaint, we do not find that dismissal of the lawsuit would be proper. Indeed, we must accept Pippin's assertion that Broadspire had the authority to determine the final review of her claim for disability benefits. As Pippin contends that Broadspire maintains discretionary authority over the plan, Broadspire is a fiduciary to the plan, and therefore was properly named as a defendant. Accordingly, the defendant's motion to dismiss the plaintiff's complaint against the plan administrator should be denied because the defendant as movant for dismissal under Rule 12(b)(6) has not met its burden to prove that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Conley,

355 U.S. at 45-46, 78 S. Ct. at 102; see also DuBois v. Wal-Mart Stores, Inc., No. 05-0433, 2005 WL 1801977, at *2 (W.D. La. July 28, 2005) (Little, J.) (denying motion to dismiss cause of action against employer for denial benefits under Musmeci).

## IV. CONCLUSION

For the foregoing reasons, Broadspire's motion to dismiss [#4] will be DENIED.

Lake Charles, Louisiana

8 September 2006

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE